Model Plan  
11/22/2013

Trustee: ☐ Marshall  ☐ Meyer  
☐ Stearns  ☑ Vaughn

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re: )  Case No. **15-43784**  
)  
**Ryan Robert Vokac** )  
)  
Debtors. )  Modified Chapter 13 Plan, dated February 21, 2016

☑ A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.

**Section A.**  
*Budget items*

1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is **1**; (b) their ages are **1 Adults**; (c) total household monthly income is $ **3,686.82**; and (d) total monthly household expenses are $ **3,286.00**, leaving $ **400.82** available monthly for plan payments.

2. The debtor's Schedule J includes $ **N/A** for charitable contributions; the debtor represents that the debtor made substantially similar contributions for **N/A** months prior to filing this case.

**Section B.**  
*General items*

1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected. Both assumption and rejection are effective as of the date of plan confirmation.

2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.

3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J.

**Section C.**
*Direct payment of claims by debtor*

☑ The debtor will make no direct payments to creditors holding prepetition claims. /or/

☐ The debtor will make current monthly payments, as listed in the debtor's Schedule J--increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property:

Creditor: __-NONE-_____, monthly payment, $ _____

**Section D.**
*Payments by debtor to the trustee; plan term and completion*

1. *Initial plan term.* The debtor will pay to the trustee $ __375.00__ monthly for __60__ months [and $ ____ monthly for an additional ____ months], for total payments, during the initial plan term, of $ __22,500.00__. [Enter this amount on Line 1 of Section H.]

2. *Adjustments to initial term.* If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments.

3. *Plan completion.* ☑ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan /or/
☐ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.

**Section E.**
*Disbursements by the trustee*

The trustee shall disburse payments received from the debtor under this plan as follows:

1. *Trustee's fees.* Payable monthly, as authorized; estimated at __5.00__% of plan payments; and during the initial plan term, totaling $ __1,125.00__. [Enter this amount on Line 2a of Section H.]

2. *Current mortgage payments.* Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan.

**-NONE-**

The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ __0.00__. [Enter this amount on Line 2b of Section H.]

3.1. *Other secured claims secured by value in collateral.* All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor): **(Except as stated in Section G. below.)**

**-NONE-**

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ __0.00__ . [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.* The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority. No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.
**-NONE-**

4. *Priority claims of debtor's attorney*. Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $ __1,420.00__ . [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears*. Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.
**-NONE-**

6. *Allowed priority claims other than those of the debtor's attorney*. Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ __0.00__ . [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim*. A special class consisting of the following non-priority unsecured claim: __-NONE-__ shall be paid at __N/A__ % of the allowed amount. The total of all payments to this special class is estimated to be $ __N/A__ . [Enter this amount on Line 2g of Section H.]

Reason for the special class: __N/A__ .

8. *General unsecured claims (GUCs)*. All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, ☑ in full, /or/ ☐ to the extent possible from the payments set out in Section D, but not less than __N/A__ % of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

9. *Interest*. ☑ Interest shall not be paid on unsecured claims /or/ ☐ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of __N/A__ % [Complete Line 4d of Section H to reflect interest payable.]

**3**

**Section F.**
*Priority*

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

**Section G.**
*Special terms*

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

**Section H.**
*Summary of payments to and from the trustee*

(1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D)     $ 22,500.00

(2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims):
  (a) Trustee's fees    $ 1,125.00
  (b) Current mortgage payments    $ 0.00
  (c) Payments of other allowed secured claims    $ 0.00
  (d) Priority payments to debtor's attorney    $ 1,420.00
  (e) Payments of mortgage arrears    $ 0.00
  (f) Payments of non-attorney priority claims    $ 0.00
  (g) Payments of specially classified unsecured claims    $ 0.00
  (h) Total *[add Lines 2a through 2g]*    $ 2,545.00

(3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]*    $ 19,955.00

(4) Estimated payments required after initial plan term:
  (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a)    $ 19,904.00
  (b) Minimum GUC payment percentage    100 %
  (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]*    $ 19,904.00
  (d) Estimated interest payments on unsecured claims    $ 0.00
  (e) Total of GUC and interest payments *[add Lines 4c and 4d]*    $ 19,904.00
  (f) Payments available during initial term *[enter Line 3]*    $ 19,955.00
  (g) Additional payments required *[subtract Line 4f from Line 4e]*    $ -51.00

(5) Additional payments available:
  (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee    $ N/A
  (b) Months in maximum plan term after initial term    N/A
  (c) Payments available *[multiply line 5a by line 5b]*    $ N/A

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

**Section I.**   ☐ A check in this box indicates that the debtor consents to immediate entry of an order
*Payroll*   directing the debtor's employer to deduct from the debtor's wages the amount specified in
*Control*   Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a
joint case, details of the deductions from each spouse's wages are set out in Section G.

**Signatures**   **Debtor(s) [Sign only if not represented by an attorney]**

_____   _____   Date _____

**Debtor's Attorney**   /s/ Paul M. Bach   Date   February 21, 2016

*Attorney Information*
*(name, address,*
*telephone, etc.)*

Paul M. Bach
Sulaiman Law Group, Ltd.
900 Jorie Boulevard
Suite 150
Oak Brook, IL 60523
630-575-8181
Fax: 630-575-8188

**Special Terms** *[as provided in Paragraph G]*

1. Debtor is surrendering the real property located at 3713 Grand Boulevard, #7, Brookfield, Illinois to Ocwen Loan Servicing, LLC and Ditech Financial LLC in full satisfaction of their secured claims. Pursuant to 11 U.S.C. 1322(b)(9), legal title to the aforementioned property shall vest in Ocwen Loan Servicing, LLC and Ditech Financial, LLC upon confirmation of the Debtor's Chapter 13 Plan.

2. Debtor shall make direct payments to American Honda Finance for 2010 Honda CRV LX with 80,000 Miles. American Honda Finance is authorized to send monthly statements directly to the Debtor.

United States Bankruptcy Court
Northern District of Illinois

In re: Case No. 15-43784-CAD
Ryan Robert Vokac Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0752-1     User: bchavez     Page 1 of 2     Date Rcvd: Feb 29, 2016
                         Form ID: pdf003     Total Noticed: 29

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 02, 2016.

```
db              +Ryan Robert Vokac,    8 Stonegate Road,    La Grange Park, IL 60526-1043
24069371        +Best Buy Co., Inc,    Bureaus Investment Group,    PO Box 17298,    Baltimore, MD 21297-1298
24069372        +Capital One,    Attn: Bankruptcy,    Po Box 30285,    Salt Lake City, UT 84130-0285
24204323         Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC  28272-1083
24069374        +Capital One, N.A.,    1680 Capital One Drive,    Mc Lean, VA 22102-3407
24069375        +Citibank,    Centralized Bankruptcy/CitiCorp Credit,    Po Box 790040,    St Louis, MO 63179-0040
24069376         Citicorp Credit Services,    ATTN: Internal Recovery; Centralized Bk,    P.O. Box 790034,
                  Saint Louis, MO 63179-0034
24069377        +Ditech Financial LLC,    Po Box 6172,    Rapid City, SD 57709-6172
24069378        +Ditech Financial LLC,    1 Rider Trail Plaza Drive, Suite 100,    Earth City, MO 63045-1313
24069379         Equifax Information Services, LLC,    1550 Peachtree Street NW,    Atlanta, GA 30309
24069380        +Experian Information Solutions, Inc.,    475 Anton Boulevard,    Costa Mesa, CA 92626-7037
24069381        +Geico Corporate Headquarters,    5260 Western Avenue,    Chevy Chase, MD 20815-3799
24069388        +Ocwen Loan Servicing,    12650 Ingenuity Drive,    Orlando, FL 32826-2703
24069390        +Ocwen Loan Servicing,    3451 Hammond Avenue,    Waterloo, IA 50702-5345
24069389        +Ocwen Loan Servicing,    P.O. Box 6440,    Carol Stream, IL 60197-6440
24125013        +Ocwen Loan Servicing, LLC,    c/o Aldridge Pite, LLP,    4375 Jutland Drive, Suite 200,
                  P.O. Box 17933,    San Diego, CA 92177-7921
24069391        +Ocwen Mortgage,    Attn: Bankruptcy,    P.O. Box 24738,    West Palm Beach, FL 33416-4738
24069392        +Trans Union LLC,    P.O. Box 2000,    Chester, PA 19022-2000
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
24069367         E-mail/Text: ebnbankruptcy@ahm.honda.com Mar 01 2016 02:47:16      American Honda Finance,
                  2170 Point Boulevard,    Elgin, IL 60123
24069368         E-mail/Text: ebnbankruptcy@ahm.honda.com Mar 01 2016 02:47:16      American Honda Finance,
                  2170 Point Boulevard, Suite 100,    Elgin, IL 60123
24069370         E-mail/Text: ebnbankruptcy@ahm.honda.com Mar 01 2016 02:47:16      American Honda Finance,
                  P.O. Box 168088,    Irving, TX 75016
24069369         E-mail/Text: ebnbankruptcy@ahm.honda.com Mar 01 2016 02:47:16      American Honda Finance,
                  PO Box 60001,    City of Industry, CA 91716
24128636         E-mail/Text: ebnbankruptcy@ahm.honda.com Mar 01 2016 02:47:16
                  American Honda Finance Corporation,    National Bankruptcy Center,    P.O. Box 168088,
                  Irving, TX 75016-8088,    866-716-6441
24069373        +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Mar 01 2016 02:37:48      Capital One, N.A. *,
                  c/o American Infosource,    P.O Box 54529,    Oklahoma City, OK 73154-1529
24069382         E-mail/PDF: gecsedi@recoverycorp.com Mar 01 2016 02:36:53      Green Tree Servicing,
                  332 Minnesota Street Suite 610,    Saint Paul, MN 55101
24069385        +E-mail/Text: bkr@cardworks.com Mar 01 2016 02:45:04      Merrick Bank,
                  Resurgent Capital Services,    PO Box 10368,    Greenville, SC 29603-0368
24069384        +E-mail/Text: bkr@cardworks.com Mar 01 2016 02:45:04      Merrick Bank,
                  10705 S Jordan Gateway #200,    South Jordan, UT 84095-3977
24069386        +E-mail/Text: bkr@cardworks.com Mar 01 2016 02:45:04      Merrick Bank/Geico Card,    Po Box 23356,
                  Pittsburg, PA 15222-6356
24069387        +Fax: 407-737-5634 Mar 01 2016 03:53:05      Ocwen Loan,    1661 Worthington Road, Suite 100,
                  West Palm Beach, FL 33409-6493
                                                                                              TOTAL: 11
```

```
            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
24069383         HOA
                                                                                   TOTALS: 1, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 02, 2016                                         Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
Case 15-43784    Doc 24    Filed 02/29/16    Entered 03/02/16 23:46:18    Desc Imaged
                           Certificate of Notice    Page 7 of 7
```

District/off: 0752-1          User: bchavez              Page 2 of 2                Date Rcvd: Feb 29, 2016
                              Form ID: pdf003            Total Noticed: 29

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 25, 2016 at the address(es) listed below:

        Charles L. Magerski    on behalf of Debtor 1 Ryan Robert Vokac Cmagerski@sulaimanlaw.com, courtinfo@sulaimanlaw.com;bkycourtinfo@gmail.com;ECFNotice@sulaimanlaw.com;mbadwan@sulaimanlaw.com;sulaiman.igotnotices@gmail.com;bkecf_sulaiman@bkexpress.info

        Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov

        Paul M Bach    on behalf of Debtor 1 Ryan Robert Vokac ecfbach@gmail.com, ECFNotice@sulaimanlaw.com;Courtinfo@Sulaimanlaw.com;bkycourtinfo@gmail.com;Paul@BachOffices.com;mbadwan@sulaimanlaw.com;bkycourtinfo@gmail.com;sulaiman.igotnotices@gmail.com;bkecf_sulaiman@bkexpress.info

        Tom Vaughn    ecf@tvch13.net, ecfchi@gmail.com

        TOTAL: 4